KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 32. I agree that the trial court correctly dismissed Hooker’s counterclaim, but I disagree that the Litigation Accountability Act (LAA), specifically Mississippi Code Section 11-55-5(1), prevented the trial court’s imposition of sanctions against Hooker for his filing of the lis pendens notice. While the Legislature limited the scope of the statute to “actions” or “defenses,” Rule 11 of the Mississippi Rules of Civil Procedure contains no such limitation. Rule 11(b) provides:
(b) Sanctions. If a pleading or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading or motion had not been served. For wilful -violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted. If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay to the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorneys’ fees.
(Emphasis added.) Thus, notwithstanding the language of Section 11-55-5(1), the chancellor had authority to sanction Hooker for filing a frivolous lis pendens notice. Accordingly, I would affirm the judgment in toto, and for this reason, respectfully concur in part and dissent in part.
DICKINSON, P.J., AND RANDOLPH, J., JOIN THIS OPINION.